IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| G& G CLOSED CIRCUIT EVENTS LLC<br>2925 Green Valley Parkway Suite D<br>Henderson, NV 89002<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J MONNIG<br>Individually and as the alter ego<br>of HOOLIGANS PUB & EATERY<br>5968 Rapid Run Road<br>Cincinnati, Ohio 45233<br><br>And<br><br>HOOLIGANS PUB INC<br> Individually and as the alter ego of<br>HOOLIGANS PUB & EATERY<br>3340 Highland Ave<br>Cincinnati, Ohio 45213<br><br><br>Defendants. | Case No.:  1:23-cv-691<br><br><br><br><br>COMPLAINT |

**PLAINTIFF ALLEGES:**

### JURISDICTION

1.     Jurisdiction is founded on the existence of a question arising under particular statutes.   This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable &

Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq*.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Ohio

### VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### INTRADISTRICT ASSIGNMENT

5. Assignment to the Western Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Hamilton County and/or the United States District Court for the Southern District of Ohio has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

### THE PARTIES

6. Plaintiff, G& G Closed Circuit Events LLC is, and at all relevant times mentioned was, a Pennslyvania corporation with its principal place of business located at 2925 Green Valley Parkway Suite D Henderson Nevada.

7. Defendant MICHAEL J MONNIG is or at the relevant times was the principal owner, managing member and operator of Defendant, HOOLIGANS PUB INC and through that company operated the commercial establishment doing business as HOOLIGANS PUB & EATERY, which is or was operating at 3340 Highland Ave, Cincinnati Ohio 45213.

8. Defendant MICHAEL J MONNIG is also the individual specifically identified on the Ohio Department of Liquor License issued for HOOLIGANS PUB & EATERY, as President.

9. Plaintiff is informed and believes, and alleges thereon that on April 22, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendants MICHAEL J MONNIG AND HOOLIGANS PUB INC had the right and ability to supervise the activities of HOOLIGANS PUB & EATERY, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on April 22, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant MICHAEL J MONNIG as the individual specifically identified on the liquor license for HOOLIGANS PUB & EATERY, and as the person in control of HOOLIGANS PUB & EATERY, and Defendant HOOLIGANS PUB INC as the corporate operator of HOOLIGANS PUB & EATERY all had the obligation to supervise the activities of HOOLIGANS PUB & EATERY, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on April 22, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendants MICHAEL J MONNIG and/or HOOLIGANS PUB INC specifically directed the employees of HOOLIGANS PUB & EATERY to unlawfully intercept and broadcast Plaintiff's *Program* at HOOLIGANS PUB & EATERY or that the actions of the employees of HOOLIGANS PUB & EATERY are directly imputable to Defendant MICHAEL J MONNIG and HOOLIGANS PUB INC by virtue of their acknowledged responsibility for the actions of HOOLIGANS PUB & EATERY.

12. Plaintiff is informed and believes, and alleges thereon that on April 22, 2023, Defendant MICHAEL J MONNIG had an obvious and direct financial interest in the activities of HOOLIGANS PUB & EATERY, which included the unlawful interception of Plaintiff's *Program*.

13. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants MICHAEL J MONNIG, HOOLIGANS PUB INC resulted in increased profits for HOOLIGANS PUB & EATERY.

14. Plaintiff is informed and believes and alleges thereon that Defendant MICHAEL J MONNIG is the individual with dominion, control, oversight and management of the commercial establishment doing business as HOOLIGANS PUB & EATERY.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

15. Plaintiff G& G Closed Circuit Events LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff G& G Closed Circuit Events LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the Gervonta "Tank" Davis v Ryan "King" Garcia Championship Fight Program that took place on April 22, 2023 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the events, collectively hereinafter referred to as the "*Program*").

17. Pursuant to contracts, Plaintiff G& G Closed Circuit Events LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Ohio by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G& G Closed Circuit Events LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

19. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Cincinnati, Ohio.

20. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff G& G Closed Circuit Events LLC, had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff G& G Closed Circuit Events LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G& G Closed Circuit Events LLC, is entitled to the following from each Defendant:

   (a) Statutory damages for **each** violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i); and also

   (b) Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

   (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
**(Violation of Title 47 U.S.C. Section 553)**

25. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff G& G Closed Circuit Events LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G& G Closed Circuit Events LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for **each** violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

    (b) Statutory damages for each willful violation in an amount up to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

    (b) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory and enhanced damages in the amount of $110,000.00 against the Defendants for each Program, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory and enhanced damages in the amount of $60,000.00 against the Defendants for each Program, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey L. Koberg*
**LAW OFFICES OF TIMOTHY M SULLIVAN**
Jeffrey L. Koberg (0047386)
Hunter S Seide (100250)
18013 Cleveland Parkway Suite 180
Cleveland, Ohio 44135
216-762-1700 ext 123
jkoberg@tmslaw.net
hseide@tmslaw.net
Attorneys for Plaintiff
G& G Closed Circuit Events LLC